**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| P. STEPHEN LAMONT, individually and as Nominee for 100% of the Capital Shares of Iviewit Holdings, Inc., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> TIME WARNER, INC., <br><br> Defendant, <br><br> and <br><br> WARNER BROS. ENTERTAINMENT GROUP, <br><br> Defendant - Appellee. | No. 13-55263 <br><br> D.C. No. 2:12-cv-08030-CAS-VBK <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted November 18, 2014[**]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

P. Stephen Lamont appeals pro se from the district court's judgment dismissing his diversity action alleging breach of contract claims. We have jurisdiction under 28 U.S.C. § 1291. We review do novo the district court's dismissal for failure to state a claim, *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed Lamont's breach of contract claims as time-barred because Lamont filed his action more than four years after the alleged breach. *See* Cal. Civ. Proc. Code § 337(1) (prescribing a four year statute of limitations for breach of contract claims); *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1022-23, 1029 (Ct. App. 2000) (discussing accrual in connection with breach of contract claim based on nondisclosure agreement, and concluding that plaintiff's claim accrued at time of first breach and therefore was time-barred given lack of evidence to support application of discovery rule). Contrary to Lamont's contentions, the theory of continuous accrual does not apply to his claims. *See Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 11 Cal. Rptr. 3d 412, 423 (Ct. App. 2004) (explaining that theory of continuous accrual "is but an application of the doctrine of contractual severability" and applicable to contracts "where performance of contractual obligations is severed into intervals,"

"leases with periodic rental payments," and "contracts calling for periodic, pension-like payments on an obligation with no fixed and final amount").

Because we dismiss on the basis of the statute of limitations, we do not address Lamont's arguments concerning issue preclusion.

The district court did not abuse its discretion by denying Lamont's motion for reconsideration because Lamont failed to establish grounds for such relief. *See* C.D. Cal. R. 7-18 (setting forth grounds for reconsideration under local rules); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under federal rules); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (setting forth standard of review for compliance with local rules).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Lamont's motion requesting a referral to mediation, filed on August 9, 2013, is denied.

**AFFIRMED.**